1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

ALICE LORENE PETTIT, et al.,

9
                                                    Plaintiffs,

10
                v.

11
CITY OF ORTING, et al.,

12
                                                    Defendants.

CASE NO. C12-5744 BHS

ORDER REQUESTING
FURTHER BRIEFING ON
DEFENDANTS' MOTION
TO DIMISS

13

14          This matter comes before the Court on Defendants' motion to dismiss (Dkt. 8).

15   The Court has considered the pleadings filed in support of and in opposition to the

16   motion and the remainder of the file and hereby reserves ruling on the motion and

17   requests additional reply briefing from Defendants.

18                              **I. PROCEDURAL HISTORY**

19          On August 13, 2012, Plaintiffs Alice Lorene and Theodore M. Pettit (the "Pettits")

20   filed a complaint for damages in Pierce County Superior Court against the City of Orting,

21   the Orting Police Department, and "John Doe" police officers 1-5 (collectively,

22   "Defendants").  Dkt. 1-1.  The Pettits sued for conversion of their canine companion Lily,

1   negligent/intentional infliction of emotional distress of Mrs. Pettit related to the situation

2   with their canine, and 42 U.S.C. § 1983 claims for violations of their Fourth and

3   Fourteenth Amendment rights under the United States Constitution for unlawful seizure,

4   and what appears to be allegations involving violations of deprivation of their property

5   (Lily) without due process of law.  Dkt. 1-1 at 2-5.

6          On August 13, 2012, Defendants filed a notice of removal to this Court based on

7   federal question jurisdiction.  Dkt. 1.   On November 12, 2012, Defendants filed a motion

8   to dismiss the Pettits' complaint pursuant Fed. R. Civ. P. 12(b)(6).  Dkt. 8.  The noting

9   date for the motion was extended to December 28, 2012.  Dkt. 12.  Accordingly, the

10  Pettits were to file a responsive brief by December 24, 2012, the Monday before the

11  noting date. *See* Local Civil Rule 7(d)(3).

12         The Pettits failed to file a responsive brief by the December 24, 2012 due date.  On

13  December 28, 2012, Defendants filed a reply brief asking the Court to dismiss the Pettit's

14  action for the reasons stated in their earlier motion and for the Pettits' failure to respond.

15  *See* Dkt. 16.  On the same day, the Pettits filed a responsive brief in opposition to

16  Defendants' motion to dismiss, supplying no reason for their delinquent response.  Dkt.

17  15.

18

19

20

21

22

## II. FACTUAL BACKGROUND[1]

On or about June 14, 2012, the Pettits' canine companion, Lily, was delivered to Sumner Veterinary Hospital, P.S. ("Hospital") by members of the Orting Police Department. Dkt. 1-1 at 2. The canine was delivered to the Hospital after the Orting Police arrested the Pettits' son, Thomas Pettit ("Thomas"), who was watching Lily while his parents were on vacation. *Id.* An Information filed on June 15, 2009, charged that Thomas

> did unlawfully, feloniously, and intentionally inflict substantial pain on, cause physical injury to, or kill an animal, to-wit: "LILY", a female Doberman Pincher, by means causing undue suffering, or force a minor to inflict unnecessary pain, injury, or death on the animal, contrary to RCW16.52.205(1)(b)(c), and against the peace and dignity of the State of Washington.

Dkt. 9-1 at 2.

The Pettits did not learn of the incident until June 18, 2012. *Id.* They returned from their vacation on or about June 22, 2012, due to problems with their vehicle. *Id.* Immediately upon their return they went to the Hospital. *Id.* at 3. Their request for the return of Lily was denied as were their requests to see Lily and acquire information about her condition and treatment. *Id.*

---

[1] For the purposes of this Fed. R. Civ. P. 12(b)(6) motion, the Court must accept all the facts in the Pettits' complaint as true. *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Therefore, the Court adopts the allegations of fact contained in the Pettits' complaint. *See* Dkt. 1-1. In addition, the Court takes judicial notice of additional facts from public documents, which Defendants have submitted. Fed. R. Evid. 201(d). A court may consider documents referenced in the complaint in ruling on a 12(b)(6) or 12(c) motion and doing so does not convert the motion into one for summary judgment. *See, e.g., Stec Elec. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996).

1    The Pettits made numerous calls to the Orting Police Department requesting the

2    return of Lily, and the Police Department referred them to the Pierce County Prosecuting

3    Attorney's office ("Prosecutor's Office").  *Id.*  While attempting to acquire the return of

4    Lily, Mrs. Pettit spoke with a member of the Orting Police Department, who identified

5    himself as the Chief of Police.  *Id*. at 4.  According to Mrs. Pettit's, this individual told

6    her that if she continued to seek the return of Lily, he would have her investigated by

7    animal control and have all of her other animal companions taken away.  *Id.*  He further

8    advised that Lily would be permanently placed with one of his officers.  *Id.*   When the

9    Pettits' counsel was contacted by the Prosecutor's Office, he was advised that they had

10   not placed a hold on Lily.  *Id*. at 3.  As a result of Defendants' alleged conduct, the Pettits

11   claim they suffered injury and sever emotional distress.  *Id*. at 5.

12                                      **III. DISCUSSION**

13   Defendants argue that all the Pettits' claims must be dismissed because they fail to

14   state a claim upon which relief can be granted.  Those claims include both state and

15   federal claims. The Pettits maintain they have viable causes of action.

16   **A.    Motion to Dismiss Standard**

17   Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil

18   Procedure may be based on either the lack of a cognizable legal theory or the absence of

19   sufficient facts alleged under such a theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d

20   696, 699 (9th Cir. 1990).  A court accepts the factual allegations in the complaint as true

21   for purposes of deciding the motion to dismiss.  *Id*.  To survive a motion to dismiss, the

22   complaint does not require detailed factual allegations but must provide the grounds for

1  entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of

2  action. *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Factual allegations

3  must be enough to raise a right to relief above the speculative level, on the assumption

4  that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56

5  (internal citations omitted).  Plaintiffs must allege "enough facts to state a claim to relief

6  that is plausible on its face." *Id.* at 570.

7  **B.      Elements of a 42 U.S.C. § 1983 Claim**

8         Although Defendants seek dismissal of all the Pettits' claims, only their § 1983

9  claims give this Court original jurisdiction to hear their case.   If a § 1983 claim exists,

10  the court may retain jurisdiction over state law claims through exercise of supplemental

11  jurisdiction.  Thus, the Court will first determine whether the Pettits state a cause of

12  action which meets the standards to overcome Defendants' 12(b)(6) motion.

13         Defendants argue that the Pettits have alleged ostensibly that Defendants

14  violated their substantive due process rights when the officers, pursuant to statutory

15  authority (RCW 16.52.085), rescued their dog from harm and then transported her back

16  to them by court order.  Dkt. 8 at 13.  Defendants contend they acted pursuant to statutory

17  authority, and thus the Pettits' claims are barred pursuant to 16.52.085(7), which shelters

18  officers from all civil and criminal liability when acting as they did here.  *Id.* at 7-8.

19         The Pettits maintain that Defendants did not fully comply with requirements of

20  16.52.085; therefore, the Pettits are not barred from pursuing their suit.  The Pettits

21  maintain that the officers failed to fulfill the warrant requirement under RCW

22  16.52.085(1) and did not provide written notice as required by RCW 16.52.085(3), even

1  after Defendants knew that the Pettits were the owners.  Dkt. 15 at 37.  Therefore, the

2  Pettit's argue that the Defendants are not entitled to the protections of RCW 16.52.085.

3  *Id*. Furthermore, the Pettits argue that Defendants misconstrue their § 1983 claims.  Dkt.

4  15 at 6.  At present the record is not sufficiently developed as to the issue of whether

5  Defendants fully complied with RCW 16.52.085 so as to entitled them to the protections

6  of RCW 16.52.085, or even if they were in compliance, whether that would shield them

7  from the Pettits' § 1983 claims.

8          The Pettits maintain that their § 1983 claims are based on attempts of a city

9  official "under the color of the authority of his position to intimidate the Plaintiffs and

10 induce them to cease their efforts to recover Lily."  *Id.*  They construe these actions as an

11 attempt to deprive them of their "property interest in Lily," which is conduct they

12 maintain legally entitles them to recovery.  *Id*.

13         Section 1983 is a procedural device for enforcing constitutional provisions and

14 federal statutes; the section does not create or afford substantive rights.  *Crumpton v.*

15 *Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  In order to state a claim under § 1983, a

16 plaintiff must demonstrate that (l) the conduct complained of was committed by a person

17 acting under color of state law and that (2) the conduct deprived a person of a right,

18 privilege, or immunity secured by the Constitution or by the laws of the United States.

19 *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds* by *Daniels v.*

20 *Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate remedy only if both

21 elements are satisfied.  *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).  In

22 addition, a plaintiff must allege facts demonstrating that individual defendants caused, or

1 personally participated in causing, the alleged harm. *Arnold v. IBM*, 637 F.2d 1350, 1355

2 (9th Cir. 1981).

3        Based on their complaint, the Pettits allege that their constitutional rights were

4 violated by a person or persons acting under the color of state law, namely "John Doe"

5 police officers and/or "a member of the Orting Police Department, who identified himself

6 as the Chief of Police." Dkt. 1-1 at 2.  Additionally, the Pettits allege that the individual

7 who identified himself as the Chief of Police

8            told Plaintiff that [if] she continued to seek the return of LILY [he] would
             have her investigated by animal control authorities and all her other animal
9            companions would be taken away. He further advised that LILY would be
             placed permanently with one of his officers.

10

11 *Id*. at 4.  The Pettits claim Defendants violated their Fourth and Fourteenth Amendment

12 rights by unlawfully seizing their property.

13        Further, in their complaint, the Pettits allege that the City of Orting, by and

14 through the Orting Police Department, failed to respond to their requests for the return of

15 their property.  *Id*. at 5.  Defendant "John Doe" police officers 1-5 ("persons" under 42

16 U.S.C. § 1983) deliberately attempted to threaten and intimidate the Pettits with

17 government action, if the Pettits continued to pursue the legitimate recovery of their

18 property (*id.*) (an alleged deprivation of a constitutional right without due process of

19 law).  As a result, the Pettits maintain they suffered emotional distress and have viable

20 constitutional claims under 42 U.S.C. § 1983. Dkt. 15 at 5-6.

21        Though the Court, pursuant to the Federal Rules, could refuse to consider the

22 Pettits' delinquent response and dismiss their case as requested by Defendants, the Court

ORDER - 7

1  concludes that the Pettits have potentially plead viable 42 U.S.C. § 1983 claims that

2  could survive a motion to dismiss.  Therefore, in the interest of the efficient use of

3  judicial resources and fairness, the Court will reserve ruling on this motion until

4  Defendants have had a full and fair opportunity to respond to the Pettits' response.

5                                    **IV. ORDER**

6          It is hereby **ORDERED** that:

7          1.      Defendants are to submit a reply brief by January 18, 2013; and

8          2.      Defendants' motion to dismiss (Dkt. 8) shall be renoted for January 18,
                   2013.

9          Dated this 9th day of January, 2013.

10

11

12                                    _____
                                      BENJAMIN H. SETTLE
13                                    United States District Judge

14

15

16

17

18

19

20

21

22

ORDER - 8